

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35378-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY DANIEL BENNETT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Jeremy Bennett appeals costs and fees imposed when he was sentenced for felony violation of a domestic violence protection order. He also challenges the 10-year term of a domestic violence no contact order entered at that time. While the State does not concede error (for the most part), it accedes to the relief requested by Mr. Bennett, asking us to direct the superior court to grant the relief by ex parte order.

We remand with directions to grant the relief requested by Mr. Bennett's opening brief and by his unopposed supplemental brief.

FACTS AND PROCEDURAL BACKGROUND

Jeremy Bennett and the State agreed that he could resolve a charge of felony

violation of a domestic violence protection order if he successfully graduated from the

Yakima County Drug Court.  Mr. Bennett signed drug court agreements in which he

agreed to attend court, to successfully complete treatment, and that if he was found in

breach of the program, his guilt would be determined in a stipulated trial based on police

reports and other materials submitted by the prosecuting attorney.  He acknowledged that

the superior court imposed a $900 drug court fee that was a condition to graduation and

would remain payable in the event he withdrew or was terminated from the drug court

program.

His participation in drug court was later revoked.  At the revocation and

sentencing hearing, the court sentenced Mr. Bennett to 60 months' incarceration, with no

community custody.  Before costs and fines were imposed, Mr. Bennett's lawyer

informed the court that Mr. Bennett was homeless and that construction work he had

performed about a year before had been at minimum wage.  His lawyer asked the court to

reduce any discretionary legal financial obligations (LFOs).  The trial court asked Mr.

Bennett if he had "any money with which to pay legal/financial obligations at this time?"

to which Mr. Bennett answered no.  Report of Proceedings (RP) at 7.

Commenting that Mr. Bennett will "be serving some significant time," the court

made a finding of current indigency and struck the court-appointed attorney fee and

2

domestic violence assessment, reducing the LFOs proposed by the State from $2,400 to

$1,700. *Id.* Only the following LFOs were imposed:

$500    Crime Penalty Assessment
$200    Criminal Filing Fee
$100    DNA[1] Collection Fee
$900    Drug Court Fine

*See* Clerk's Papers (CP) at 37. The court capped the costs of incarceration at $350.

The court also entered a domestic violence no contact order in favor of the victim

of Mr. Bennett's violation (and of two prior violations). The court's order provided for

an expiration date 10 years following the date of sentencing.

Mr. Bennett appeals. After the briefing was closed and the appeal was set for

hearing, Mr. Bennett asked us to accept supplemental briefing on additional cost issues

raised by the Washington Supreme Court's September 20, 2018 decision in *State v.

Ramirez*, 191 Wn.2d 732, 426 P.3d 714. We granted the motion and gave the State leave

to respond, which it has declined to do.

## ANALYSIS

Mr. Bennett's opening brief assigns error to:

- the trial court's imposition of the $900 drug court fine, which he argues is not

    authorized as a cost under RCW 10.01.060 or as an LFO under RCW 9.94A.760;

---

[1] Deoxyribonucleic acid.

- the trial court's boilerplate finding that Mr. Bennett has the current or future ability to pay the capped costs of incarceration, which he contends is not supported by the record; he asks us to remand with directions to strike the finding and the discretionary costs;

- the trial court's imposition of the 10-year no contact order, which he argues exceeds the court's authority under chapter 10.99 RCW (since it exceeds the length of his sentence) and exceeds its authority under chapter 9.94A RCW (since it exceeds the maximum penalty for his crime).

Br. of Appellant Amended at 1-2. He also asks that we decline to award costs should the State substantially prevail on appeal.

In his supplemental briefing, he asks that we reverse the trial court's imposition of a $200 criminal filing fee and a $100 DNA fee.

The State observes that Mr. Bennett *contractually* bound himself to pay the drug court fee, submits that the sentencing court's questioning of Mr. Bennett about his ability to pay was sufficient under *State v. Blazina*, 182 Wn.2d 827, 833, 344 P.3d 680 (2015), and reserves its right to request costs on appeal on a case by case basis. Br. of Resp't at 2-6. It nonetheless agrees to the substance of the relief requested by Mr. Bennett. It asks that we order the relief "in [a] manner so that there is no additional cost incurred to bring this defendant back from prison, assign him counsel, [or] set this for hearing." *Id.* at 4.

4

While the State's response brief stands by the propriety of the then-mandatory costs imposed by the sentencing court, it has not responded to Mr. Bennett's supplemental briefing asking that we reverse the court's imposition of the $200 criminal filing fee and $100 DNA fee in light of the Supreme Court's recent decision in *Ramirez.* The court held in *Ramirez* that statutory amendments dealing with LFOs that were made by Engrossed Second Substitute House Bill 1783, 65th Leg., Reg. Sess. (Wash. 2018), effective June 7, 2018, apply prospectively to criminal cases on direct appeal. 191 Wn.2d at 749. Among those changes was an amendment to former RCW 36.18.020(2)(h) to prohibit the imposition of the $200 criminal filing fee on indigent defendants, and an amendment to former RCW 43.43.7541 to make the DNA database fee no longer mandatory if the State has previously collected the offender's DNA as a result of a prior conviction. LAWS OF 2018, ch. 269, §§ 17(2)(h), 18.

The sentencing court expressly commented on Mr. Bennett's indigency at the time of sentencing and entered an order of indigency authorizing him to seek review at public expense a couple of days later. The criminal history included in his judgment and sentence reveals that Mr. Bennett has been convicted of multiple prior felonies and the State makes no argument that we should not infer a prior DNA collection.

We remand with directions to strike the $900 drug court fee, the finding of financial ability (paragraph 2.7), the costs of incarceration (paragraph 4.D.4), the $200 criminal filing fee, and the $100 DNA database fee; and to amend the no contact order to

5

reflect an expiration date of June 19, 2022 (and thereby a five-year term). Since the State is not the substantially prevailing party, Mr. Bennett's request that we deny costs on appeal is moot. We deny the request to strike paragraph 4.D.7 (payments).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Fearing, J.

Pennell, A.C.J.